### GEE v. LYLES. (No. 710.)

(Court of Civil Appeals of Texas. Beaumont. June 23, '1921. Rehearing Denied June 29, 1921.)

Partition ⚷➡43—Suit for partition of leasehold interest properly brought in county where land situated; "other property."

Under Rev. St. 1911, art. 1830, subd. 13, providing that suits for partition of lands or other property may be brought in the county where such lands or other property, or a part thereof, may be, suit by one member of a partnership to buy oil leases on lands in Nacogdoches county against the other partner for half expenses incurred, half the proceeds of sales of leases, and for partition of the 570 acres of leases in Nacogdoches county, which had not been sold, was properly brought in Nacogdoches county, and defendant partner's plea of privilege to have the case removed to the county of his residence was improperly sustained; if the leasehold interest involved was not "land," it was "other property."

[Ed. Note.— For other definitions, see Words and Phrases, First and Second Series, Other.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by R. F. Gee against G. W. Lyles and others. From an order sustaining the named defendant's plea of privilege, plaintiff appeals. Judgment reversed, and cause remanded.

S. M. Adams, of Nacogdoches, for appellant.

Harris & Harris, of Nacogdoches, for appellee.

WALKER, J. This is an appeal by R. F. Gee, plaintiff below, from an order of the district court of Nacogdoches county, sustaining the plea of privilege of G. W. Lyles, one of the defendants below, to have the case removed to the county of his residence. There were other defendants, but, as their interests are not involved in this appeal, we will not discuss their relation to the case.

Gee and Lyles entered into a partnership to buy oil leases on lands in Nacogdoches county. Gee was to do the buying. Each was to pay half of the expense. The leases were to be taken in Lyles' name, and he was then to sell the leases at $2 per acre, and the proceeds were to be divided equally between them. Gee bought something over 5,000 acres of such leases, all in Nacogdoches county, at an expense of about $800. Lyles sold all these leases, except 570 acres. The parties were not able to agree on a settlement, and, on the facts as stated, Gee brought this suit, praying for judgment against Lyles for one-half of the expenses incurred by him, one-half of the proceeds of sales of the leases, and for partition of the 570 acres, which had not been sold. Lyles answered by plea of privilege, as above stated, which was duly controverted by appellant. The plea was sustained, and the case ordered transferred to Dallas county.

The court erred in sustaining appellee's plea of privilege. If the leasehold interest in the 570 acres of land in Nacogdoches county, which appellant prayed to have partitioned, was not "lands," it was "other property," within the meaning of subdivision 13, art. 1830, which provides:

"* * * Suits for the partition of lands or other property may be brought in the county where such lands or other property, or a part thereof, may be. * * *"

This interest cost money. It had a market value. It was the subject of litigation. It was property appertaining to lands in Nacogdoches county. Under this article, the venue was properly laid in Nacogdoches county.

The judgment is reversed, and the cause remanded.